IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3209-BO

| | | |
|---|---|---|
| JEREMY R. LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CORRECTIONAL OFFICER | ) | |
| MCCOURT, and SERGEANT YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

Jeremy Love ("plaintiff"), a former state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is represented by counsel. The matter now comes before the court on plaintiff's post-judgment motion for leave to brief injunctive relief (DE 151). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies plaintiff's motion.

## BACKGROUND

On August 22, 2016, plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff alleged defendants Correctional Officers Brandon Beasley ("Beasley"), Donald Comilloni ("Comilloni"), Shon McCourt ("McCourt"), and Sergeant Todd Young ("Young") used excessive force against him in violation of the Eighth Amendment to the United States Constitution on April 28, 2016, when plaintiff was incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff sought both monetary damages and injunctive relief. Defendant Comilloni subsequently was dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

On September 4, 2018, defendants Beasley, McCourt, and Young filed a motion for summary judgment, which the court granted as to all defendants. Plaintiff appealed. On January 6, 2020, the Fourth Circuit Court of Appeals entered an order affirming the court's judgment in part, and vacating and remanding in part. Specifically, the court affirmed the portion of the court's order granting summary judgment to defendant Brandon Beasley, but vacated the portion of the court's order which granted summary judgment to defendants Todd Young and McCourt. On February 20, 2020, attorney David W. McDonald issued a notice of appearance on behalf of plaintiff. See (DE 106). Plaintiff then was released from custody on July 27, 2021, and remains on parole until July 27, 2022. See ((DE 151) ¶ 11; (DE 151-2), p. 9).

The court next set the matter for trial, and the jury returned a verdict in favor of defendants Young and McCourt. Plaintiff now seeks permission to brief the question of whether injunctive relief should be granted concerning the use of cameras at Central Prison. Defendant responded to plaintiff's motion.

## DISCUSSION

Defendants argue plaintiff's motion should be denied because his request for injunctive relief was mooted by his release from incarceration. Federal courts may only decide actual cases or controversies. See U.S. Const. art. III, § 2. A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quotation omitted). To satisfy the Article III case or controversy requirement, "[a] litigant must have suffered some actual injury that can be redressed by a favorable judicial

2

decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70–71 (1983). When a case or controversy ceases to exist, the litigation becomes moot and the federal court no longer possesses jurisdiction to proceed. Id.

Here, plaintiff requests injunctive relief in the form of installing cameras in any area of Central Prison where inmates might be taken, or that prison staff be prohibited from taking prisoners to locations where video surveillance is not installed. ((DE 151) ¶ 4). Because plaintiff has been released from incarceration, his requests for injunctive relief in this case now are MOOT. See Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007); see also Rendellman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); see also, Taylor v. Riverside Regional Jail Authority, No. 3:11cv456, 2011 WL 6024499, at *5-7 (E.D. Va. Dec. 2, 2011) ("Courts often find that no reasonable expectation exists when the plaintiff must engage in illegal behavior in order to be subjected to the challenged action again.") (citations omitted). Thus, plaintiff's motion is DENIED.

## CONCLUSION

In summary, plaintiff's motion for leave to brief injunctive relief (DE 151) is DENIED.

SO ORDERED, this the **17** day of February, 2022.

*Terrence W. Boyle*
TERRENCE W. BOYLE
United States District Judge

3